THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN ASIR THOMAS,

               Petitioner,

     v.

UNITED STATES OF AMERICA,

               Respondent.

CASE NO. C16-1147-JCC

ORDER DENYING PETITIONER'S
28 U.S.C. § 2255 MOTION

This matter comes before the Court on Petitioner Steven Thomas's motion to vacate his judgment and sentence filed under 28 U.S.C. § 2255 (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I.    BACKGROUND

In April 2016, a jury convicted Petitioner of conspiracy to distribute controlled substances, money laundering, conspiracy to possess firearms in furtherance of a drug trafficking crime, and felon in possession of a firearm. (CR14-0096-JCC (CR), Dkt. No. 168.) Petitioner presented an entrapment defense and testified during his criminal trial. (*See generally* CR Dkt. Nos. 259–265.) He now brings this timely § 2255 habeas petition. (Dkt. No. 1.)[1]

Petitioner's motion raises two broad claims: (1) ineffective assistance of counsel and

---

[1] Unless otherwise noted, all docket citations refer to the docket in this matter, case number C16-1147-JCC.

(2) the government presented false evidence at trial and committed *Naupe*[2] violations. (*See generally* Dkt. No. 1.) Petitioner's ineffective assistance of counsel ground has four separate arguments: (1) his attorneys did not effectively present his entrapment defense, (Dkt. No. 1 at 1–46); (2) his attorneys failed to file a motion to dismiss for outrageous government conduct, (*id.* at 57–64); (3) his attorneys failed to propose certain jury instructions, (*id.* at 64–65); and (4) his attorneys failed to present certain arguments at his sentencing, (*id.* at 65–72). Petitioner also requests an evidentiary hearing to "determine issues of fact in regard to the constitutional challenges." (*Id.* at 72.)

## II.     DISCUSSION

### A.     Evidentiary Hearing

An evidentiary hearing is not required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Petitioner requests an evidentiary hearing only to present the evidence admitted at trial and attached to his § 2255 petition again. (*See* Dkt. No. 1 at 72–73.) For the reasons discussed below, the Court finds that the motion, files, and records of the case conclusively show that Petitioner is not entitled to relief. Therefore, his request for an evidentiary hearing is DENIED.

### B.     Section 2255 Habeas Petition

#### 1.     Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claims, Petitioner must show both that (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) the deficiency "in counsel's performance [was] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The first element requires that Petitioner prove "in light of all the circumstances, the identified acts or omissions [of his counsel] were outside the wide range of professional competent assistance." *Id.* at 690. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and

---

[2] *Naupe v. Illinois*, 360 U.S. 264 (1959).

ORDER DENYING PETITIONER'S 28 U.S.C. §
2255 MOTION
PAGE - 2

"strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 689, 690. To demonstrate prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

a. *Entrapment Defense*[3]

The crux of Petitioner's first ineffective assistance of counsel argument is that although his attorneys "designated close to 200 recorded clips to be used during the trial," his attorney "only introduced 7." (Dkt. No. 1 at 5) Petitioner states that designating that many exhibits means "obviously [his attorneys] did not believe the evidence to be cumulative." (Dkt. No. 31 at 15.) Petitioner essentially argues that although his attorneys presented evidence to try to prove Petitioner was entrapped, his attorneys erred because they did not present every single piece of evidence available. (*See, e.g.*, Dkt. No. 1 at 10–11 (arguing that his attorneys erred by not presenting additional details about which Mexican drug cartel worked with Petitioner); *id.* at 11–13 (arguing that his attorneys erred by not calling additional witnesses to testify whether or not they had seen Petitioner sell drugs).)

Upon review of the record, the Court concludes that all of the evidence Petitioner argues should have been introduced was cumulative. Defense counsel's choice not to introduce the additional evidence Petitioner points to was not an objectively unreasonable strategy because attorneys do not have a duty to introduce cumulative evidence. *See Babbitt v. Calderon*, 151 F.3d 1170, 1174 (9th Cir. 1998). For example, Petitioner argues that his attorneys erred by not

---

[3] Petitioner seems to simultaneously argue that the Government failed to disprove his entrapment defense at trial. However, the Ninth Circuit rejected this argument on Petitioner's direct appeal. *See United States v. Thomas*, 2016 WL 6156060, at *1 (9th Cir. Oct. 24, 2016) ("On this record, a reasonable jury could have concluded beyond any reasonable doubt Thomas was predisposed to commit his crimes."). Therefore, any argument that Petitioner was in fact entrapped is precluded and will not be considered. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition.").

introducing additional evidence to prove that the Government's offer of large monetary awards entrapped Thomas into laundering money. (*See* Dkt. No. 1 at 36–40.) However, Thomas himself testified that he wanted "legitimate investments" but did not "really care where the money came from," (CR Dkt. No. 263 at 138), and additional evidence would have been cumulative. Moreover, as the Ninth Circuit reasoned on the direct appeal, "large monetary rewards . . . are the prototypical criminal motivation for drug dealing and money laundering and do not provide a basis for establishing inducement." *Thomas*, 2016 WL 6156060, at *1 (citing *United States v. Spentz*, 653 F.3d 815, 820 n.4 (9th Cir. 2011)). Therefore, defense counsel's decision not to introduce cumulative evidence of this kind was not objectively unreasonable.

As is common practice with trial exhibits, the Court assumes that defense counsel designated hundreds exhibits for trial in an abundance of caution, not because they thought all 200 exhibits would be needed to present Petitioner's entrapment defense. Therefore, Petitioner's argument that he is entitled to relief because his defense attorneys ineffectively presented his entrapment defense is DENIED.[4]

### b. *Motion to Dismiss for Outrageous Government Conduct*

Petitioner next argues that his attorneys erred by not moving to dismiss the case for outrageous government conduct. (Dkt. No. 1 at 58.) Petitioner alleges that the Government "manufactured and directed the criminal enterprise encompassing the conspiracies [he] was charged with." (*Id.*) He claims "there was no evidence that suggested [he] had ever been involved in kilo sized cocaine deals, meth of any quantity, gun sales, or money laundering prior to [the government undercover agent] inducing them." (*Id.*)

A motion to dismiss for outrageous government conduct is only granted in "extreme cases" which can occur when "the government's conduct violates fundamental fairness and is so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v.*

---

[4] Because Petitioner fails to establish the first element of ineffective assistance of counsel, that the representation fell below an objective standard of reasonableness, the Court does not need to address the second element, prejudice.

ORDER DENYING PETITIONER'S 28 U.S.C. §
2255 MOTION
PAGE - 4

*Black*, 733 F.3d 294, 302 (9th Cir. 2013). For example, it is outrageous for government agents to "engineer[] and direct[] a criminal enterprise from start to finish." *United States v. Williams*, 547 F.3d 1187, 1199 (9th Cir. 2008). However, "[i]t is not outrageous . . . to infiltrate a criminal organization, to approach individuals who are already involved in or contemplating a criminal act, or to provide necessary items to a conspiracy." *Black*, 733 F.3d at 302. This is a very high standard and the Ninth Circuit recently found that there are only two reported decisions in which federal appellate courts had reversed convictions due to outrageous government conduct. *Id.*

After reviewing Petitioner's arguments, the Court finds that the Government's conduct in this case was not outrageous. The Government approached individuals who were already involved in or contemplating a criminal act. For example, as Petitioner's own motion demonstrates, he started working with others to purchase cocaine before the Government had a confidential informant in place. (*See* Dkt. No. 1 at 16–17.) Moreover, Petitioner's argument that the confidential informant's actions were criminal, and therefore outrageous, (*see id.* at 60–64), are also without merit. *See, e.g.*, *United States v. Simpson*, 813 F.2d 1462, 1470 (9th Cir. 1987) ("[T]he mere fact that [the informant] continued to use heroin and engage in prostitution during the investigation . . . did not oblige the FBI to stop using her as an informant."). "Indeed, government agents can go so far as direct an informant to participate in the very criminal enterprise that is under investigation." *Id.* Therefore, defense counsel's decision not to bring a motion to dismiss for outrageous government conduct was not unreasonable. The high standard required for granting such a motion would not have been met. Petitioner's argument that he is entitled to relief because his defense attorneys failed to bring a motion to dismiss for outrageous government conduct is DENIED.[5]

### c. *Jury Instructions*

Petitioner also argues that his counsel was "ineffective for not requesting the Court to

---

[5] Because Petitioner fails to establish the first element of ineffective assistance of counsel, the Court does not need to address the second element.

ORDER DENYING PETITIONER'S 28 U.S.C. §
2255 MOTION
PAGE - 5

instruct the jury to consider the defendant's capacity to commit the crimes charged without Government agents['] involvement" in the entrapment jury instruction. (Dkt. No. 1 at 64) (citing the *U.S. v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000), "wherewithal" requirement). He also argues that his counsel was "ineffective for not requesting the Court to instruct the jury that [a co-conspirator,] Maldonado, was also receiving a cooperation deal in exchange for his testimony" at Petitioner's trial and the jury should, therefore, look at his testimony with greater caution. (*Id.*)

First, the entrapment jury instruction was accurate and in accordance with current Ninth Circuit Model Jury Instructions. At trial, the Court used the Ninth Circuit's Model Jury Instruction 6.2, which includes the two elements for entrapment and the Ninth Circuit's factors to consider for the predisposition element. (*See* CR Dkt. No. 163 at 45.) The "wherewithal" requirement is not part of the Model Instructions. In fact, *Poehlman*'s wherewithal requirement is not discussed in the most recent Ninth Circuit opinions on the entrapment defense. *See United States v. McDavid*, 396 F. App'x 365, 369 (9th Cir. 2010) ("[O]ur decisions before and after *Poehlman* have not included wherewithal as a factor for predisposition."). Therefore, defense counsel's decision not to request a wherewithal entrapment jury instruction was not unreasonable.

Second, although the Court did not provide a specific instruction that Maldonado was receiving a plea deal, it did instruct the jury to pay attention to any interest Maldonado or the other witnesses might have had in the outcome of the case when evaluating their testimony. (CR Dkt. No. 163 at 9.) The decision not to request a more specific instruction was not unreasonable because defense counsel had ensured that these kind of considerations were already in the jury instructions. Therefore, Petitioner's argument that he is entitled to relief because his defense attorneys failed to include two jury instructions is DENIED.[6]

---

[6] Because Petitioner fails to establish the first element of ineffective assistance of counsel, the Court does not need to address the second element.

ORDER DENYING PETITIONER'S 28 U.S.C. §
2255 MOTION
PAGE - 6

1

          d. *Sentencing*

2          Petitioner argues that his counsel was ineffective during sentencing. (Dkt. No. 1 at 65–

3   72.) First, he argues that defense counsel "was ineffective for not requesting a pre-sentence

4   evidentiary hearing with the Court to clarify [Petitioner's] offense score, enhancements, and

5   sentencing entrapment." (Dkt. No. 1 at 65.) However, this was not unreasonable because there is

6   no general right to an evidentiary hearing at sentencing, *United States v. Stein*, 127 F.3d 777, 780

7   (9th Cir. 1997), and defense counsel took full advantage of the opportunity to submit written

8   objections to the findings in the presentence report. (*See* CR Dkt. No. 201.) Therefore, the

9   decision was not unreasonable.

10          Second, Petitioner argues that defense counsel erred by not asking the Court to make

11   specific findings about the Sentencing Guidelines calculation. (Dkt. No. 1 at 66–70.) However,

12   this does not mean that defense counsel was ineffective. As previously stated, defense counsel

13   submitted written objections to the presentence report, including objections to the obstruction of

14   justice enhancement, dangerous weapon enhancement, use of threat or violence enhancement,

15   and Petitioner's criminal history category. (*See* CR Dkt. No. 201.) Therefore, this argument is

16   without merit because defense counsel made reasonable attempts to challenge the calculation via

17   their objections to the presentence report.

18          Third, Petitioner contends that defense counsel "was ineffective for not introducing the

19   evidence in [his habeas petition] to the Court in support of sentencing entrapment." [7] (Dkt. No. 1

20   at 70.) However, defense counsel did raise a sentencing entrapment argument in his sentencing

21   memorandum. (CR Dkt. No. 201 at 2–6.) Moreover, failure to present evidence that was already

22

23   [7] Petitioner also claims that the Ninth Circuit held in his direct appeal that he was "entitled to a finding to determine
     sentencing entrapment and the failure to do so was procedural error." (Dkt. No. 31 at 27.) However, the Ninth
24   Circuit stated that the "district court does not appear to have addressed [the sentencing entrapment] argument on the
     record, which would constitute procedural error. . . . Thomas, however, does not raise that argument, so it is waived.
25   The district court's rejection of the sentencing entrapment argument was not illogical, implausible, or without
     support in inferences that may be drawn from facts in the record." *Thomas*, 2016 WL6156060, at *2 (internal
26   quotations and citations omitted). Therefore, even if this argument had any bearing on an ineffective assistance of
     counsel argument, it is without merit because Petitioner misstates the Ninth Circuit's holding.

presented at trial was not unreasonable. Therefore, Petitioner's argument that he is entitled to relief because of his defense attorneys' actions at the sentencing stage is DENIED.[8]

### 2. *Naupe* Violations

Petitioner contends that the Government violated his Fourteenth Amendment rights by knowingly introducing false evidence at trial. (Dkt. No. 1 at 46–57.) The Government argues that his allegations are barred by procedural default and that the Government did not violate Petitioner's Fourteenth Amendment rights. (Dkt. No. 26 at 32.)

In *Naupe v. Illinois*, 360 U.S. 264, 269 (1959), the Supreme Court held "that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." To prevail on a *Naupe* claim, Petitioner must prove that "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material." *Soto v. Ryan*, 760 F.3d 947, 957–58 (9th Cir. 2014).

However, Petitioner did not raise these alleged *Naupe* violations in his direct appeal and nearly all of Petitioner's alleged *Naupe* violations are only based on evidence that was presented at trial. (*See, e.g.*, Dkt. No. 1 at 47, 48, 51, and 52.) The Supreme Court has made it clear that a new claim may not be raised in a § 2255 motion if the petitioner had a full opportunity to be heard during the trial phase and on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Where a petitioner fails to raise an issue before the trial court, or fails to include it on direct appeal, the issue is "procedurally defaulted" and may not be raised under § 2255 except under unusual circumstances. *Bousley v. United States*, 523 U.S. 614, 621–22 (1998). To overcome a procedurally defaulted claim, Petitioner must show (1) sufficient cause for the default and prejudice from presenting it or (2) proof that he is actually innocent of the crime. *Id.* at 622. To demonstrate cause, Petitioner must show that "some objective factor external to the

---

[8] Because Petitioner fails to establish the first element of ineffective assistance of counsel, the Court does not need to address the second element.

defense"—for instance that the "factual or legal basis for a claim was not reasonably available" at the time of direct appeal—stopped him from complying with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice requires Petitioner to prove "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Alternatively, Petitioner can overcome procedural default by demonstrating actual innocence by proving that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Because Petitioner did not present these *Naupe* violation arguments at trial or on direct appeal, they are procedurally defaulted unless he can demonstrate cause and prejudice or actual innocence. Petitioner argues that he has cause to raise these issues now because "[r]aising an incomplete claim during the direct appeal would have prejudiced [his] chances for relief and procedurally barred [him] from bringing the same claim in the § 2255 with all the evidence." (Dkt. No. 31 at 20.) However, most of the evidence Petitioner presents in this habeas petition was presented at trial. Moreover, Petitioner has not demonstrated that the evidence not presented at trial was not reasonably available to him at the time of his appeal, and instead blames his appellate attorney for alleged ineffective assistance of counsel. (Dkt. No. 31 at 20.) Therefore, Petitioner has not demonstrated cause and prejudice. Additionally, Petitioner has not made the "extraordinary" showing necessary for actual innocence and does not address it in his motion or reply. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Therefore, the *Naupe* claims are DENIED due to procedural default.

## C.      Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only

1  where a petitioner has made a "substantial showing of the denial of a constitutional right." 28

2  U.S.C. § 2253(c)(3). This is satisfied "by demonstrating that jurists of reason could disagree with

3  the district court's resolution of his constitutional claims or that jurists could conclude the issues

4  presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

5  U.S. 322, 327 (2003). The Court finds that no reasonable jurist could disagree with the

6  conclusions reached in this order. Therefore, a certificate of appealability is DENIED.

7  **III.    CONCLUSION**

8          For the foregoing reasons, Petitioner's § 2255 motion (Dkt. No. 1) is DISMISSED with

9  prejudice.

10         DATED this 2nd day of March 2017.

11

12

13

14                                                   John C. Coughenour
                                                     UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PETITIONER'S 28 U.S.C. §
2255 MOTION
PAGE - 10